CITRUS & ALLIED ESSENTIAL OILS CO. ET AL. *v.* UNITED STATES

No. 6141.—Invoices dated Ciudad Trujillo, Dominican Republic, February 26, 1942, etc.
Certified February 26, 1942, etc.
Entered at New York, N. Y., March 9, 1942, etc.
Entry No. 741849, etc.

(Decided May 4, 1945)

*John D. Rode* (*John D. Rode* and *Jacob L. Klingaman* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster* and *Samuel D. Spector*, special attorneys), for the defendant.

COLE, Judge: This case concerns the proper dutiable value of orange oil exported from the Dominican Republic between November 4, 1941, and March 27, 1942, and entered at the port of New York. Six shipments are involved, details of which are set forth in the following tabulation:

| Reappt. No. | Date of exportation | Exporter | Entered value |
|---|---|---|---|
| 149357–A | Nov. 4, 1941 | E. F. Rosenbaum | $1.50 per pound C. & F. N. Y. |
| 150523–A | Jan. 16, 1942 | Citrus & Allied Ess. Oils Co. | $1.60 per pound, all charges included |
| 147961–A | Feb. 7, 1942 | J. Arismendi Trujillo M. | $2.40 per pound, plus cases |
| 147962–A | Feb. 16, 1942 | J. Arismendi Trujillo M. | $2.40 per pound, plus cases |
| 147948–A | Feb. 27, 1942 | J. Arismendi Trujillo M. | $2.40 per pound, plus cases |
| 150255–A | Mar. 27, 1942 | Citrus & Allied Ess. Oils Co. | $1.80 per pound, all charges included |

In each instance, the merchandise was appraised at $3 per pound, packed.

Although all of the appeals for reappraisement were consolidated for the purposes of trial, by consent of the parties, the proof adduced herein is not applicable to each case. It is therefore necessary to discuss them in groups.

First consideration will be given to Reappraisements 147961–A, 147962–A, and 147948–A. The affidavit (exhibit 8) of the Dominican exporter shows that there was no demand or use in the Dominican Republic for orange oil, such as or similar to that in question, and therefore it was not sold or offered for sale in the foreign market, but that the product was freely offered to all purchasers in the principal market of Ciudad Trujillo for exportation to the United States at $2.40 per pound, plus packing. Defendant's evidence relates to a period not included within the time covered by these shipments and

therefore is not acceptable to contradict the averments by plaintiff, which I hold to be sufficient to establish a *prima facie* case.

The orange oil covered by the shipment upon which Reappraisement 149357–A is based was an inferior quality. The record, however, contains no proof showing how the imported merchandise failed to meet standard specifications. Nor is there any evidence concerning the value of such a lower grade of orange oil. I find nothing herein to support any value different from that found by the appraiser, which I hold to be the dutiable value of the merchandise involved in Reappraisement 149357–A.

With respect to Reappraisements 150523–A and 150255–A, relating to importations by the Citrus & Allied Essential Oils Co. of New York from its branch house bearing the same name in Perto Plata, Dominican Republic, plaintiff's testimony in connection therewith relates to conditions at the place where the foreign exporter is located which is not a principal market for this merchandise. Furthermore, the proof is conclusive that the Dominican firm obtains the orange oil from native farmers who acquire it from the skins of wild oranges through pressure exerted with the use of a sponge; and that the said exporter offers its merchandise exclusively to the American importer. The restricted scope of the transactions between the two closely related firms remove their prices from consideration as a basis for dutiable value. The testimony of a partner of the importing company, seeking to show familiarity with the foreign market, generally, is wholly inadequate. It is suppositional and indefinite, and reveals a lack of knowledge upon which to base facts favorable to plaintiff's contention. The presumptively correct appraised value, being the only one shown by the record herein, is therefore held to be the dutiable value of the merchandise covered by Reappraisements 150523–A and 150255–A.

All of these appeals for reappraisement are subject to the provisions of section 501 of the Tariff Act of 1930, as amended by the Administrative Act of 1938 (19 U. S. C. 1940 ed. § 1501), which requires that the court, under all circumstances, shall "determine the value of the merchandise from the evidence in the entry record and that adduced at the hearing." Consequently, a motion to dismiss, like that made by defendant (R. 90), is not conducive to proper procedure. Under the statute, section 501, *supra*, the court cannot under any condition grant such a motion, and ignore the clear mandate of the law, i. e., find value. It is therefore denied.

For reasons hereinabove set forth, I hold the appraised value to be the dutiable value for all the orange oil in question, except that covered by Reappraisements 147961–A, 147962–A, and 147948–A, for which I find export value, section 402 (d) of the Tariff Act of 1930

(19 U. S. C. 1940 ed. § 1402 (d)), to be the proper basis of appraisement, and hold such statutory value to be $2.40 per pound, packed.

Judgment will be rendered accordingly.